```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
THURMAN BROWN,
                    Plaintiff,

         -against-                        MEMORANDUM AND ORDER
                                          06-CV-2502 (JS)(AKT)


MARGARET O'SHEA-SCHELL, GORDON &
SILBER, P.C., LIORA BEN-SOREK,
CONGDON, FLAHERTY, O'CALLAGHAN,
REID, DONLON, TRAVIS & FISHLINGER,
MARK DIAMOND, appellate attorney,
DENIS DILLON, former district
attorney, WILLIAM FISHLINGER,
MCMANUS, COLLURA & RICHTER,
NASSAU COUNTY ATTORNEY'S OFFICE,
ANNE P. RICHTER, DAVID H. SCULNIK,
and RICHARD WOLSTEIN, Legal Advisor,

                    Defendants.
----------------------------------X
```

Appearances:

For Plaintiff:        Thurman Brown, Pro se
                      98A2656
                      Oneida Correctional Facility
                      6100 School Road
                      P.O. Box 4580
                      Rome, New York 13442

For Defendants:       No appearances

SEYBERT, District Judge:

## INTRODUCTION

On May 17, 2006, pro se Plaintiff Thurman Brown ("Plaintiff") commenced the instant action. On July 21, 2006, this Court granted Plaintiff permission to proceed in forma pauperis but sua sponte dismissed his Complaint. The Court granted Plaintiff thirty days to re-plead his claims. Currently pending before the

Court is Plaintiff's Amended Complaint that alleges the Defendants violated Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983.  For the reasons below, the Amended Complaint is dismissed with leave to file a Second Amended Complaint.

**BACKGROUND**

While difficult to follow, it is clear from the Amended Complaint that Plaintiff has added several new defendants to the caption, including former District Attorney Denis Dillon, Legal Advisor Richard Wolstein, appellant attorney Mark Diamond, David H. Sculnick of Gordon & Silber, P.C., Liora Ben-Sorek, Nassau County Attorney's Office, William Fishlinger of Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, and Anne P. Richter of McManus, Collura & Richtor, P.C.

To the extent that this Court can parse from the unclear Amended Complaint, Plaintiff alleges that Defendant Margaret O'Shea-Schell, a privately contracted court reporter with the Nassau County District Attorney's office, either altered a transcript of state grand jury minutes or provided two different versions of it.  The other Defendants were allegedly aware of this "fraud" and did nothing about it.  Plaintiff seeks monetary damages of several million dollars.

**DISCUSSION**

I.  Plaintiff's Complaint Is Dismissed Without Prejudice.

The Court must liberally read a pro se plaintiff's

complaint. See Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Moreover, at this stage of the proceedings, the Court assumes the truth of the allegations in the complaint. See Hughes, 449 U.S. at 10.

> Section 1983 provides that:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

See 42 U.S.C. § 1983.

Thus, to state a claim under section 1983, "a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." Dwares v. City of New York, 985 F.2d 94, 98 (2d Cir. 1993).

A. No Constitutional Violation Or Conspiracy

Plaintiff fails to allege a constitutional violation based on a conspiracy theory. "[C]onclusory, vague, or general allegations of a conspiracy to deprive a person of constitutional rights must be dismissed. Diffuse and expansive allegations are insufficient, unless amplified by specific instances of

3

misconduct." Ostrer v. Aronwald, 567 F.3d 551, 553 (2d Cir. 1997).

Several of the Defendants are private actors. To the extent that Plaintiff alleges a conspiracy between state actors, i.e., the District Attorney, and private parties, Plaintiff fails to allege facts to support such a claim. "To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." Spear v. Town of W. Hartford, 954 F.2d 63, 68 (2d Cir. 1992). Put differently, a private actor acts under color of state law when the private actor "is a willful participant in joint activity with the State or its agents." Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970) (quoting United States v. Price, 383 U.S. 787, 794, 86 S. Ct. 1152, 16 L. Ed. 2d 267 (1966)). A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity. Spear, 954 F.2d at 68.

Absent from Plaintiff's Amended Complaint are any factual allegations suggesting that O'Shea-Schell or any of the private attorneys conspired with the district attorney to violate Plaintiff's constitutional rights. Hughes v. Patrolmen's Benevolent Ass'n of the City of N.Y., Inc., 850 F.2d 876, 880-81

4

(2d Cir. 1988) (holding that the private actor acted under color of state law because the private actor allegedly hired private investigators and placed plaintiff under surveillance with knowledge and consent of state actor). To the extent that Plaintiff claims that private actors may have jointly violated Plaintiff's civil rights with state actors, the Plaintiff does not allege specific facts to substantiate or support a claim of a constitutional violation.

B. No Personal Involvement

Although "a claim for relief under 42 U.S.C. § 1983 only need allege that some person acting under color of state law deprived the claimant of a federal right," Green v. Maraio, 722 F.2d 1013, 1016 (2d Cir. 1983), it is well-settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." McKinnon v. J.W. Patterson, 568 F.2d 930, 934 (2d Cir. 1977); see Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1987). A complaint based on a violation under Section 1983 that does not allege the direct, personal involvement and responsibility of a defendant is "fatally defective on its face." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 886 (2d Cir. 1987) (internal quotations and citations omitted).

Plaintiff fails to allege the personal involvement of the state actors other than to allege that all of the Defendants

perpetrated some unclear "fraud" on the Court.  Accordingly, the Amended Complaint is dismissed without prejudice.

**CONCLUSION**

For the reasons above, the Amended Complaint is DISMISSED without prejudice. Plaintiff has until November 30, 2006, to file a Second Amended Complaint in conformity with this Order.  Failure to do so will result in dismissal of the Amended Complaint with prejudice.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: Central Islip, New York
       October  31 , 2006